IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) | |
| VIKING OFFSHORE (USA) INC., | ) ) | CASE NO. 08-31219-H3-11 |
| Debtors, | ) ) | (JOINTLY ADMINISTERED) |
| VIKING OFFSHORE (USA), INC., ET AL., | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | ADV. NO. 08-3234 |
| BODEWES WINCHES, B.V., ET AL., | ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on "Bodewes Winches, B.V.'s Motion to Dismiss Debtors' First Amended Complaint for Turnover of Property and Motion for Mandatory Injunction Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure" (Docket No. 19). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., Viking Century Inc., and Viking Drilling ASA ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 29, 2008.  The cases were jointly administered, by order entered March 4, 2008, and were designated as a complex Chapter 11 case, by order entered March 10, 2008.

In the instant adversary proceeding, Debtors seek injunctive relief, and the sequestration and turnover of four winches to be used for the refurbishment for sale of Debtors' oil drilling rig, the Viking Producer.  Debtors assert that they purchased and paid for four of the ten winches they had ordered from B.V. Machine—en Lierenfabriek J.H. Bodewes ("Old Bodewes"), and that the winches are therefore property of Debtors' bankruptcy estate.  Debtors assert that the assets of Old Bodewes were purportedly conveyed in a bankruptcy proceeding in the Netherlands to Bodewes Winches, B.V. ("New Bodewes"), a newly formed subsidiary of Huisman Special Lifting Equipment Holding B.V., ("Huisman") and that the winches are presently held in a warehouse used by Debtors' shipping company, Panalpina Worldwide.  Old Bodewes, New Bodewes, and two Panalpina entities are defendants in the instant adversary proceeding.  Old Bodewes and New Bodewes are Netherlands companies.  Debtors have asserted that one of the two Panalpina entities is a Swiss company, and

that the other is a United States company.

In the instant motion, New Bodewes seeks dismissal for lack of subject matter jurisdiction, and lack of personal jurisdiction.  New Bodewes also seeks dismissal based on the doctrines of <u>forum</u> <u>non</u> <u>conveniens</u> and comity.  Finally, New Bodewes suggests that this court should permissively abstain, based on the Netherlands bankruptcy proceeding of Old Bodewes.[1]

On June 3, 2008, Ross Spence, a Texas attorney, filed a notice of appearance in the instant Chapter 11 case.  The notice of appearance, on behalf of New Bodewes, indicates that "Bodewes Winches BV requests that all notices given or required to be given in this case and in any cases consolidated herewith, and all papers served or required to be served in this case be given to and served upon" Spence.  (Docket No. 147, Case No. 08-31219-H3-11).

Martin Heirjerman, the general counsel of the Huisman Group, testified that New Bodewes has no contacts with the United States.  He testified that New Bodewes is a Netherlands company.  He testified that New Bodewes bought the assets of Old Bodewes, in Old Bodewes' Netherlands bankruptcy proceeding.  He testified that New Bodewes did not give notice of the sale to Debtors.

---

[1] Both sides in the instant adversary proceeding elicited testimony regarding the merits of the underlying action.  The court has not considered this testimony, except as to the question of the court's subject matter jurisdiction.

3

Spence testified that no one from Huisman asked him to file the notice of appearance.  He testified that he filed the notice of appearance without permission from his client.  He testified that there is no engagement letter between his firm and New Bodewes.

<u>Conclusions of Law</u>

Subject matter jurisdiction of the bankruptcy court is grounded in statute.  Under 28 U.S.C. § 1334(b), the district court has original but not exclusive subject matter jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.  28 U.S.C. § 1334(b).

All cases and proceedings arising under the Bankruptcy Code may be referred by the United States District Court to the United States Bankruptcy Court.  28 U.S.C. § 157.

In the Southern District of Texas, the United States District Court has referred to the Bankruptcy Judges of the Southern District of Texas, all bankruptcy cases, and all proceedings arising under Title 11 or arising in or related to a case under Title 11, except matters on appeal.  (Gen. Ord. 2002-2, U.S. Dist. Ct., S.D. Tex.).

A civil proceeding is related to a case under Title 11 if the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy.  Certainty is unnecessary; an action is "related to" bankruptcy if the outcome

could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate. In re TXNB Internal Case, 483 F.3d 292 (5th Cir. 2007), citing Arnold v. Garlock, Inc., 278 F.3d 426 (5th Cir. 2001) and Feld v. Zale Corp. (In re Zale Corp.), 62 F.3d 746 (5th Cir. 1995).

In the instant adversary proceeding, Debtors assert that the winches are property of the bankruptcy estate. Debtors' assertion, whether meritorious or not, is nonfrivolous. It is clear that the resolution of the question of whether the winches are property of the bankruptcy estate has the potential to alter the Debtors' rights and freedom of action as Debtors attempt to sell the Viking Producer. The court concludes that it has "related to" subject matter jurisdiction of the instant adversary proceeding.

The district court in which a case under title 11 is commenced or is pending has exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.
28 U.S.C. § 1334(e).

Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate. Celotex Corp. v. Edwards, 115 S.Ct. 1493, 1499. This

5

broad grant of jurisdiction extends to extraterritorial application of the Bankruptcy Code as it applies to property of the bankruptcy estate.  In re Simon, 153 F.3d 991 (9th Cir. 1998), cert. den., 525 U.S. 1141, 119 S.Ct. 1032, 143 L.Ed.2d 41 (1999); In re Globo Comunicacoes E Participacoes S.A., 317 B.R. 235 (S.D.N.Y. 2004).

However, while the court has power to protect the res before the court, any injunction entered against an entity is an in personam action that may be enforced against entities only over which the court has personal jurisdiction.  See, e.g., Gilchrist v. General Electric Capital Corp., 262 F.3d 295 (4th Cir. 2001).

For a federal court to exercise personal jurisdiction over a nonresident defendant, two requirements must be met.  First, the nonresident defendant must be amenable to service of process under a state's long-arm statute.  Second, the assertion of in personam jurisdiction must be consistent with the Fourteenth Amendment's Due Process Clause.  Texas's jurisdictional statute is a "long-arm" statute, extending the personal jurisdiction of courts in Texas to the extent allowed by the Due Process Clause of the Fourteenth Amendment, which "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant."  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14, 104

S.Ct. 1868, 80 L.Ed.2d 404 (1984); see also Tex. Civ. Prac. & Rem.Code § 17.042; Aviles v. Kunkle, 978 F.2d 201, 204 (5th Cir. 1992). Due process in the exercise of personal jurisdiction requires "minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Courts exercise "general jurisdiction" over any action where the defendant has "continuous and systematic general business contacts" with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall 466 U.S. 408, 413-14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). If the contacts are less pervasive, courts may exercise "specific jurisdiction" in "a suit arising out of or related to the defendant's contact with the forum." Id.

A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. Lewis v. Fresne, 252 F.3d 352 (5th Cir. 2001). In Lewis v. Fresne, a defendant resident of New York participated in a telephone call to a Texas resident plaintiff designed to convince the plaintiff to make a loan. The defendant's participation was held to constitute sufficient minimum contacts for an exercise of specific jurisdiction in the plaintiff's securities law action. The court distinguished Aviles v. Kunkle,

7

978 F.2d 201, 204 (5th Cir. 1992), in which it had held that a telephone call and a letter were not sufficient, on the grounds that the claim in Lewis v. Fresne involved an intentional tort.

In the instant adversary proceeding, Debtors seek relief as to a res which Debtors assert is property of the bankruptcy estate, and which Debtors assert is in the possession of New Bodewes. This court believes that Debtors' complaint, although governed by Section 542 of the Bankruptcy Code, asserts a cause of action in the nature of the intentional tort of conversion. The court thus concludes that, to the extent New Bodewes asserts an interest in the winches, and retains possession of the winches, New Bodewes' contacts with the United States are sufficient to support an exercise of specific personal jurisdiction.[2]

The court having determined that it has subject matter jurisdiction and personal jurisdiction with respect to the injunctive matters asserted against New Bodewes, the court turns to the remainder of the issues presented, which involve whether the court should dismiss the above captioned adversary proceeding based on permissive abstention, or the doctrines of forum non conveniens or comity.

---

[2] Because the court has determined specific personal jurisdiction based on the property in controversy, the court does not reach the question of whether Spence's appearance in the case subjects New Bodewes to personal jurisdiction in this court.

The general rule is that a federal court must accept the jurisdiction granted it, and only on very rare occasions is discretionary abstention warranted. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

As to permissive abstention, 28 U.S.C. § 1334(c)(1) provides:

> Except with respect to a case under Chapter 15 of Title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

28 U.S.C. § 1334(c)(1).

By its plain language, 28 U.S.C. § 1334(c)(1) does not apply to the instant adversary proceeding, for the reason that the Netherlands bankruptcy proceeding is one under a foreign law, not under state law.  However, the Fifth Circuit has held, in <u>Baumgart v. Fairchild Aircraft Corp.</u>, 981 F.2d 824 (5th Cir. 1993), that the doctrines of comity and <u>forum non conveniens</u> may apply, under 28 U.S.C. § 1334(c)(1), with respect to foreign proceedings.

The essence of the <u>forum non conveniens</u> doctrine is that a court may decline jurisdiction and may actually dismiss a case, even when the case is properly before the court, if the case more conveniently could be tried in another forum.  <u>In re

Volkswagen of America, Inc., 2008 WL 4531718 (5th Cir. 2008).[3]

In determining whether the doctrine of forum non conveniens should be applied, the court should consider the forum choice of the litigant, the relative ease of access to sources of proof, the availability of compulsory process, cost, the relative advantages and obstacles to a fair trial, enforceability of any judgment obtained, and any other practical considerations. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

Comity is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws. Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895).

Several courts have applied the doctrine of comity to give effect, in proceedings commenced in the United States, to judgments rendered by courts of competent jurisdiction in other nations with a system of procedures compatible with the

---

[3] The court notes that, with respect to a proceedings in the United States, much of the jurisprudence regarding dismissal under the common-law doctrine of forum non conveniens has been superseded by statute, on the grounds that a transfer of venue is a less-harsh remedy for an inconvenient forum. See Norwood v. Kirkpatrick, 349 U.S. 29, 75 S. Ct. 544, 99 L.Ed. 789 (1955). However, the venue statutes do not eviscerate the remedy of dismissal, they merely impose a substantially higher standard. In re Volkswagen of America, Inc., 2008 WL 4531718 (5th Cir. 2008).

10

requirements of due process of law.  Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895); Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana S.A. de C.V., 347 F.3d 589 (5th Cir. 2003); Cunard S.S. Co. v. Salen Reefer Services AB, 773 F.2d 452 (2d Cir. 1985); Bank Melli Iran v. Pahlavi, 58 F.3d 1406 (9th Cir. 1995), cert. den., 516 U.S. 989, 116 S.Ct. 519, 133 L.Ed.2d 427 (1995); Ma v. Continental Bank, N.A., 905 F.2d 1073 (7th Cir. 1990), cert. den., 498 U.S. 967, 111 S.Ct. 430, 112 L.Ed.2d 414 (1990).

Courts have additionally dismissed proceedings between litigants in circumstances in which a foreign bankruptcy proceeding is pending, and equitable principles demand that all claims against the debtor's limited assets be addressed in a single proceeding.  Finanz AG Zurich v. Banco Economico, S.A., 192 F.3d 240 (2d Cir. 1999); Allstate Life Ins. Co. v. Linter Group, Ltd., 994 F.2d 996 (2d Cir. 1993); Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709 (2d Cir. 1987); Cunard S.S. Co. v. Salen Reefer Services AB, 773 F.2d 452 (2d Cir. 1985).

The court has reviewed a translation into English of the Netherlands bankruptcy statute.  (Exhibit 13).  The statute appears to require notice to creditors of the commencement of a case, and in some instances, notice in a government newspaper. The statute does not appear to require direct notice to other parties in interest, including entities asserting an interest in

property in which a Netherlands debtor asserts an interest.[4]

It is clear that Debtors favor litigation in this court.  There is no evidence favoring either the United States or the Netherlands as to sources of proof, the availability of compulsory process, cost, the relative advantages and obstacles to a fair trial, enforceability of any judgment obtained, or any other practical considerations.  The Netherlands statute indicates an appeal process, but none of the attorneys presented evidence as to the time the appeal process takes, the costs normally associated with the process, or the degree to which relief is generally granted in such a process.  There is testimony in this court that time is of the essence regarding the Debtors' ability to utilize the winches in support of a sale of the Viking Producer.  The court is left with weighing Debtors' choice of forum, and the potential harm to Debtors as a result of the apparent failure of Old Bodewes or New Bodewes to provide notice to Debtors that property in which they assert an interest was to be transferred.

Ultimately, within the Netherlands court system, Debtors have the capability to seek review of the Netherlands bankruptcy court's ruling purporting to convey the winches to New

---

[4] The court notes that, in the United States, Bankruptcy Rules 2002, 2003, and 9014 require notice to parties in interest. This court, by local rule, has included among parties entitled to notice as to a motion, all parties claiming an interest in any property that is affected by the motion.  See LR 9013(d).

Bodewes, and to assert that the purported conveyance without notice to Debtors deprives Debtors of due process of law. This court's consideration of the question of whether the conveyance deprived Debtors of due process of law would place this court in the position of preempting the appeal process in the Netherlands. Accordingly, the court concludes that the above captioned adversary proceeding should be dismissed as to New Bodewes, under principles of comity.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this 21st day of November, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE