

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                )
IN RE                           )
                                )
VIKING OFFSHORE (USA) INC.,     )  CASE NO. 08-31219-H3-11
                                )
        Debtors,                )  (JOINTLY ADMINISTERED)
                                )
VIKING OFFSHORE (USA),          )
INC., ET AL.,                   )
                                )
        Plaintiffs,             )
v.                              )  ADV. NO. 08-3234
                                )
BODEWES WINCHES, B.V., ET AL.,  )
                                )
        Defendants.             )
                                )
```

MEMORANDUM OPINION

The court has considered the "Plaintiffs' Motion for Reconsideration and Brief in Support" (Docket No. 49), and the "Plaintiffs' Motion to Certify Direct Appeal" (Docket No. 55) filed in the above captioned adversary proceeding.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion for reconsideration, and granting the motion to certify direct appeal.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., Viking Century Inc., and Viking Drilling ASA ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 29, 2008. The cases were jointly administered, by order entered March 4, 2008, and were designated as a complex Chapter 11 case, by order entered March 10, 2008.

On July 1, 2008, Debtors filed the above captioned adversary proceeding, seeking a determination, inter alia, that winches, purportedly purchased by Debtors prepetition for installation on the Viking Producer drilling rig were property of the bankruptcy estates in the instant case. The winches were, subsequent to the filing of Debtors' Chapter 11 petitions, purportedly sold in the Netherlands bankruptcy proceeding of B.V. Machine—en Lierenfabriek J.H. Bodewes ("Old Bodewes") to Bodewes Winches, B.V. ("New Bodewes").

On August 5, 2008, New Bodewes moved to dismiss, on grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, forum non conveniens and comity, or alternatively to permissively abstain, based on the Netherlands bankruptcy proceeding of Old Bodewes.

After an evidentiary hearing conducted over the course of two days, on November 21, 2008 the court issued its Memorandum Opinion (Docket No. 45) and Judgment (Docket No. 46). In the

Judgment, this court determined it has jurisdiction, but granted dismissal as to New Bodewes on grounds of comity.  The Memorandum Opinion contains this court's Findings of Fact and Conclusions of Law regarding New Bodewes' motion to dismiss.  Plaintiffs filed a notice of appeal on December 1, 2008.[1]

In the instant motion for reconsideration, Plaintiffs assert that the absence of a judgment by the Netherlands bankruptcy court precludes this court's consideration of comity.  In the instant motion to certify direct appeal, Plaintiffs assert that an immediate appeal of this court's ruling to the Court of Appeals will materially advance the progress of the case, because Plaintiffs are pursuing a sale of the Viking Producer rig, time is of the essence in the sale, and the rig has substantially more value if sold with the winches.

## Conclusions of Law

This court stated its rationale for ruling on New Bodewes' motion to dismiss in its Memorandum Opinion of November 21, 2008 (Docket No. 45).  Nothing in the motion for reconsideration or the accompanying brief changes the court's rationale.  The court concludes that the motion for reconsideration should be denied.

---

[1] The court notes that, concurrently with the filing of notice of appeal, Plaintiffs filed the instant motion for reconsideration.  The court having determined to deny the instant motion for reconsideration, the appeal may proceed.

As to the motion to certify direct appeal, under 28 U.S.C. § 158(d)(2), the Court of Appeals has jurisdiction of appeals from the bankruptcy court, if, <u>inter alia</u>, the court, certifies that "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken."

Resolution of whether the litigation regarding ownership of the winches must proceed in this court is likely to materially advance the progress of both the instant adversary proceeding and the underlying Chapter 11 case.  The court notes that nothing on the docket sheet of the instant adversary proceeding indicates that a summons and the complaint has been served on any party pursuant to the Hague Convention, despite ample time to commence such efforts, and the only party to make an appearance, other than Plaintiffs, has been New Bodewes.  This court has three times extended Debtors' exclusive period to file a plan and disclosure statement.  From the inception of the instant case, Debtors have asserted that their plan is to sell the Viking Producer in order to obtain substantial funds for the repayment of creditors.  The court concludes that an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

Based on the foregoing, the court will enter a separate Judgment denying "Plaintiffs' Motion for Reconsideration and Brief in Support" (Docket No. 49), and granting the "Plaintiffs' Motion to Certify Direct Appeal" (Docket No. 55).

Signed at Houston, Texas on February 5, 2009.

```
                              _____
                              LETITIA Z. CLARK
                              UNITED STATES BANKRUPTCY JUDGE
```