

ENTERED
04/17/2009

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| VIKING OFFSHORE (USA) INC., | ) CASE NO. 08-31219-H3-11 |
| Debtors, | ) (JOINTLY ADMINISTERED) |
| VIKING OFFSHORE (USA), INC., ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) ADV. NO. 08-3234 |
| BODEWES WINCHES, B.V., ET AL., | ) |
| Defendants. | ) |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on its "Order to Show Cause" (Docket No. 66) why the above captioned adversary proceeding should not be dismissed, in light of the failure of the Plaintiffs to serve process. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned adversary proceeding without prejudice as to Defendants B.V. Machine—en Lierenfabriek J.H. Bodewes, Panalpina World Transport (Holding), Ltd., and Panalpina, Inc. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., Viking Century Inc., and Viking Drilling ASA ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 29, 2008. The cases were jointly administered, by order entered March 4, 2008, and were designated as a complex Chapter 11 case, by order entered March 10, 2008.

On July 1, 2008, Debtors filed the above captioned adversary proceeding, seeking a determination, <u>inter</u> <u>alia</u>, that winches, purportedly purchased by Debtors prepetition for installation on the Viking Producer drilling rig were property of the bankruptcy estates in the instant case. The winches were, subsequent to the filing of Debtors' Chapter 11 petitions, purportedly sold in the Netherlands bankruptcy proceeding of B.V. Machine—en Lierenfabriek J.H. Bodewes ("Old Bodewes") to Bodewes Winches, B.V. ("New Bodewes").

On July 1, 2008, at the request of Plaintiffs, the Clerk of Court issued a summons to Defendants Old Bodewes, New Bodewes, and Panalpina World Transport (Holding), Ltd. (Docket No. 2). On July 14, 2008, at the request of Plaintiffs, the Clerk of Court issued a summons to Panalpina, Inc. (Docket No. 12). Each summons was prepared by Plaintiffs, and has attached to it a "Certificate of Service" reflecting that it was served on

the Defendants on the date of its issuance by first class mail.

Old Bodewes and New Bodewes are Netherlands companies. Debtors have asserted that one of the two Panalpina entities is a Swiss company, and that the other is a United States company. (See Memorandum Opinion, Docket No. 45, at p. 2-3).

On August 5, 2008, New Bodewes filed a motion to dismiss, on grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, forum non conveniens and comity, or alternatively to permissively abstain, based on the Netherlands bankruptcy proceeding of Old Bodewes.  (Docket No. 19).

The court conducted an evidentiary hearing, in which Plaintiffs and New Bodewes participated.  On November 21, 2008, this court entered a Memorandum Opinion (Docket No. 45) and a Judgment (Docket No. 46) granting dismissal as to New Bodewes, on grounds of comity.

On December 1, 2008, Plaintiffs filed both a motion for reconsideration (Docket No. 49) and a notice of appeal of this court's Judgment dismissing as to New Bodewes.  (Docket No. 50).

On December 2, 2008, the Clerk of Court gave notice of filing of the appeal, and assigned the appeal to the District Court, in Civil Action No. 08cv3539.  (Docket No. 52).

On December 30, 2008, Plaintiffs filed a motion to certify the appeal of dismissal as to New Bodewes to the United

States Court of Appeals for the Fifth Circuit.  (Docket No. 55).

On January 27, 2009, Plaintiffs filed a motion for leave to appeal.  (Docket No. 57).[1]

On February 5, 2008, this court entered a Memorandum Opinion (Docket No. 61), and a Judgment (Docket No. 62) denying the motion for reconsideration, and granting the motion to certify a direct appeal to the Fifth Circuit.

On March 9, 2009, the Fifth Circuit denied leave for a direct appeal to the Court of Appeals.  (Unnumbered entry, dated 3/9/2009, Fifth Circuit Case No. 09-7).

On March 5, 2009, this court entered the instant Order to Show Cause, directed to Plaintiffs, to show cause why the above captioned adversary proceeding should not be dismissed as to the remaining Defendants, in light of Plaintiffs' apparent failure to serve the remaining Defendants, and failure to appear at a pretrial conference on March 3, 2009.

At the hearing on the Order to Show Cause, counsel for

---

[1] On March 2, 2009, the District court dismissed Plaintiffs' appeal for failure to file a brief.  (Docket No. 3, C.A. No. 08cv3539).  Plaintiffs have moved to reinstate the appeal, asserting that the brief was not due.  (Docket No. 4, C.A. No. 08cv3539).  New Bodewes has opposed the motion to reinstate, asserting that Plaintiffs' motion for leave to appeal is not timely.  (Docket No. 5, C.A. No. 08cv3539). Plaintiffs' motion to reinstate the appeal in the District Court remains pending. The court notes that the question of whether leave to appeal should be granted is addressed in the first instance to the District Court.  <u>See</u> Bankruptcy Rule 8003.

Plaintiffs argued that none of the Defendants were served because Plaintiffs do not wish to proceed against the other Defendants in this court if its asserted claims against New Bodewes do not proceed in this court.  He stated that Plaintiffs have not served the other Defendants due to cost considerations.  He presented no evidence as to cost.

## Conclusions of Law

Rule 4(l) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7004, requires that proof of service must by made by the server's affidavit.  FRCP 4(l).

In the instant case, Plaintiffs did not file a proof of service as to any of the Defendants.  Despite the certificate of service preprinted in the forms of summons prepared by Plaintiffs and issued by the Clerk of Court, counsel for Plaintiffs has admitted that none of the Defendants were served.

Under Rule 4(m) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7004, if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  If the plaintiff shows good cause for the failure, the court must extend the time for service by an appropriate period.  FRCP 4(m).

Rule 4(m), by its own terms, does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).  FRCP 4(m).  However, several courts have applied the 120 day time limit to the service of process against foreign defendants, either based on Rule 4(m), or considered as a dismissal for want of prosecution under Rule 41(b).  See <u>Montalbano v. Easco Hand Tools, Inc.</u>, 766 F.2d 737 (2d Cir. 1985); <u>Norsyn, Inc. v. Desai</u>, 351 F.3d 825 (8th Cir. 2003); <u>O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.</u>, 201 F.3d 948 (7th Cir. 2000).

Rule 41(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7041, provides in pertinent part:  "If the plaintiff fails to prosecute...a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal...operates as an adjudication on the merits."

The Supreme Court has held that, despite the language of Rule 41(b), calling for a motion by a party, the court has the inherent power to dismiss for want of prosecution. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123; 115 L.Ed.2d 27 (1991), <u>citing</u> <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

In the instant case, the only argument raised by Plaintiffs in support of maintaining suit against the Defendants other than New Bodewes is that it would cost money to serve them.

The rationale stated does not constitute good cause for the failure of service in the instant case.  The court has determined that the remaining causes of action pled by Plaintiffs in the instant adversary proceeding should be dismissed without prejudice, for want of prosecution.

      Based on the foregoing, a separate Judgment will be entered dismissing the above captioned adversary proceeding as to Defendants B.V. Machine—en Lierenfabriek J.H. Bodewes, Panalpina World Transport (Holding), Ltd., and Panalpina, Inc.

      Signed at Houston, Texas on April 17, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE